UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2018 JUN 15 A 8: 44
US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE | MISC. NO. 3:18mj922(JGM)<br><br>**FILED UNDER SEAL**<br><br>July 29, 2010 |

### ORDER

This matter having come before the Court pursuant to an application under Title 18, United States Code, Sections 3122, 3123 and 3124 by Raymond F. Miller, an attorney for the Government and an Assistant United States Attorney, which application requests an order authorizing the installation and use of a pen register and trap-and-trace device on cellular telephone number 203-296-9972 ("**Target Telephone**"), a cellular telephone serviced by T-Mobile (the "Company").

The Court finds that the applicant has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation into possible violations of Title 21 U.S.C. §§846, 841(a)(1) and Title 18 U.S.C. §1955.

IT APPEARING that the numbers dialed or pulsed from the **Target Telephone** and incoming electronic or other impulses to the **Target Telephone** are relevant to an ongoing criminal investigation of the specified offense,

IT IS ORDERED, pursuant to Title 18, United States Code, Section 3123, that agents of the Federal Bureau of Investigation may install and use a pen register to register numbers dialed

or pulsed from the **Target Telephone** number, to record the date and time of such pulsings or recordings, to record the length of time the telephone receivers in question are off the hook for incoming or outgoing calls, and a trap-and-trace device that captures the incoming electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information likely to identify the sources of wire or electronic communications and to record the date, time, and duration of calls created by such incoming impulses to the **Target Telephone**, for a period of sixty (60) days, commencing on the date and time of the Order without geographical limitation; and

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(b)(2), that the Company shall furnish agents of the Federal Bureau of Investigation forthwith all information, facilities, and technical assistance necessary to accomplish the installation of the pen register and trap-and-trace device unobtrusively and with minimum interference with the services that are accorded persons with respect to whom the installation and use is to take place; and

IT IS FURTHER ORDERED, that the Company be compensated by the applicant for reasonable expenses incurred in providing technical assistance; and

IT IS FURTHER ORDERED, that the authorization given apply not only to the number assigned to the **Target Telephone**, but to any other numbers subsequently listed to the same subscriber and/or subsequently assigned to an instrument bearing the same IMSI, UFMI, or MSID, or account number as the **Target Telephone** within the sixty (60) day period of this Order; and

IT IS FURTHER ORDERED, that this Order apply not only to the Company, but to any other communications provider who may provide service to the **Target Telephone** number and/or any changed number or IMSI, UFMI, or MSID numbers subsequently assigned to the **Target Telephone** under the same acount during the sixty (60) day period of this Order; and

IT IS FURTHER ORDERED, that pursuant to 18 U.S.C. § 3123(d), to avoid prejudice to the criminal investigation, the Company and its agents and employees shall not disclose or cause a disclosure of the Application or Court's Order or the request for assistance or the existence of this investigation under penalty of criminal prosecution to any person other than those of their agents and employees who require this information to accomplish the services hereby ordered, unless and until otherwise ordered by this Court. In particular, no such disclosure may be made to a lessee, telephone subscriber, or any other person, unless or until otherwise ordered by the Court; and

IT IS FURTHER ORDERED, that this Application and Order and Order to Service Provider be sealed until otherwise ordered by the Court, and that the Company shall not disclose the existence of the pen register or trap-and-trace device, or the existence of the investigation, to the listed subscriber, or to any other person, unless or until otherwise ordered by the Court, except that a copy of the Application and Order, and Order to Service Provider may be provided to the FBI, and a copy of the Order to Service Provider may be provided to the Company.

IT IF FURTHER ORDERED, that to avoid prejudice to this criminal investigation, an employee of the Company shall maintain a list showing each person having knowledge of the

Order to Service Provider and/or what it authorizes as well as the date and time each person first learned of that information and by whom they learned of it.

Dated this 6th day of July, 2010 at New Haven, Connecticut.

/s/ Joan G. Margolis USMJ

The Honorable Joan G. Margolis
United States Magistrate Judge